**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

WILLIAM COY,
                    Appellant,

          v.

DEPARTMENT OF THE TREASURY,
                    Agency.

DOCKET NUMBER
DC-3330-17-0230-I-1

DATE: January 24, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>William Coy</u>, Carlisle, Pennsylvania, pro se.

<u>Gabriel A. Hindin</u> and <u>Neil M. Robinson</u>, Esquire, Washington, D.C., for
    the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**REMAND ORDER**

¶1        The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA) on the basis that he failed to meet the time limit for filing a complaint with the Secretary of Labor under 5 U.S.C.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

§ 3330a(a)(2)(A). For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the Board's Washington Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2      The relevant background information, as set forth in the initial decision, is not in material dispute. On December 3, 2013, the appellant applied for the Director of Compensation and Benefits position with the agency. Initial Appeal File (IAF), Tab 10, Initial Decision (ID) at 2. Ten days later, the agency notified him that he did not meet the experience requirements and that his application would not be considered. *Id*.

¶3      On August 4, 2015, an agency human resources specialist emailed the appellant and offered to place him on the agency's priority consideration list for the position because, following an internal audit, the agency determined that he was qualified for the position. *Id*. The appellant was eventually hired into the position effective November 28, 2016. *Id*.

¶4      After entering the position, the appellant came to believe that his original disqualification for the position was due to a violation of his veterans' preference rights, and he subsequently filed a complaint with the Department of Labor (DOL). *Id*. On December 19, 2016, DOL determined that the appellant's complaint was untimely filed and closed its investigation. *Id*.

¶5      On January 3, 2017, the appellant filed a request for corrective action with the Board. IAF, Tab 1. The administrative judge ordered the appellant to demonstrate that his appeal was within the Board's VEOA jurisdiction and that his complaint with DOL was either timely filed or that the 60-day deadline for filing a veterans' preference complaint should be equitably tolled. IAF, Tab 3. After considering the parties' replies, the administrative judge denied the appellant's request for corrective action without holding the requested hearing because he found that there was no genuine dispute of material fact and that the

appellant failed to establish that the deadline for filing a veterans' preference complaint with DOL should be equitably tolled.  ID at 1-8.

¶6      The appellant has filed a petition for review of the initial decision, and the agency has filed a response opposing the petition.  Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7      A preference eligible who alleges that an agency has violated his rights regarding any statute or regulation relating to veterans' preference may file a complaint with the Secretary of Labor.  5 U.S.C. § 3330a(a)(1)(A).  Pursuant to statute, such a complaint must be filed with the Secretary of Labor "within 60 days after the date of the alleged violation."  5 U.S.C. § 3330a(a)(2)(A).

¶8      This 60-day time limit for filing a complaint is subject to equitable tolling. *Bent v. Department of State*, 123 M.S.P.R. 304, ¶ 12 (2016).  Equitable tolling is a rare remedy that is to be applied in unusual circumstances and generally requires a showing that the litigant has been pursuing his rights diligently and some extraordinary circumstances stood in his way.  *Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 10 (2014).  For example, a filing period may be suspended for equitable reasons when a complainant has been induced or tricked by his adversary into allowing a deadline to pass.  *See id*.

¶9      The appellant argues on review that the administrative judge erred in finding that he simply "presumed another veteran had been selected for the position."  PFR File, Tab 1 at 4; ID at 7.  He asserts that an agency human resources specialist led him to believe that another veteran was selected for the position, which he presumed meant a veteran with equal preference was selected.  PFR File, Tab 1 at 4.  He contends that the agency thereby induced or tricked him into missing the filing deadline.  *Id*. at 5.

¶10     The initial decision accurately reflects the appellant's statement, made in response to the jurisdictional order, that he "presumed that another veteran with

4

equal veterans['] status to [himself] was selected after [he] was originally disqualified." IAF, Tab 4 at 5; ID at 7. He did not allege below, as he does on review, that his presumption was based on any statement or action by any agency official. Generally, the Board will decline to consider an argument raised for the first time on review absent a showing that the argument is based on new and material evidence not previously available despite the petitioner's due diligence. *Hodges v. Office of Personnel Management*, 101 M.S.P.R. 212, ¶ 7 (2006); 5 C.F.R. § 1201.115(d). Because the appellant has failed to make such a showing, we decline to consider his argument. Accordingly, we deny his request for corrective action under VEOA and affirm the administrative judge's findings on this claim. ID at 5-8; *see Garcia v. Department of Agriculture*, 110 M.S.P.R. 371, ¶ 13 (2009).

¶11    We nevertheless remand this appeal for consideration of whether the appellant has raised a claim under the Uniformed Service Employment and Reemployment Rights Act of 1994 (USERRA) (codified at 38 U.S.C. §§ 4301-4333). To establish Board jurisdiction over a USERRA discrimination appeal, an appellant must make a nonfrivolous allegation of the following: (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service. *Williams v. Department of the Treasury*, 110 M.S.P.R. 191, ¶ 8 (2008); *see* 5 C.F.R. § 1201.57.

¶12    The appellant has alleged that the agency erroneously found him unqualified for the position and hired a nonveteran. IAF, Tab 1 at 4-5, Tab 4 at 5; PFR File, Tab 1 at 4-5. Although the appellant, who is pro se, did not specifically refer to USERRA in his pleadings, we find that his allegations

warrant further consideration as potential USERRA claims.[2] *Sears v. Department of the Navy*, [86 M.S.P.R. 76](#), ¶ 12 (2000). Because the appellant was never apprised of his rights and burdens under USERRA, we remand this appeal for adjudication of his potential USERRA claim.[3] *Id.*

## ORDER

¶13     For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.[4]

FOR THE BOARD:                                    /s/ for
                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.

---

[2] There is no time limit to filing a USERRA appeal. [5 C.F.R. § 1201.22](#)(b)(2).

[3] An individual may choose to file a USERRA complaint with the Secretary of Labor, and have the Secretary investigate his complaint. [38 U.S.C. § 4322](#)(a). If the individual files such a complaint with the Secretary of Labor, he may thereafter file an appeal with the Board regarding his USERRA claim pursuant to [38 U.S.C. § 4324](#)(b)(2). If the individual does not elect to apply to the Secretary for assistance under section 4322(a), he may file directly with the Board. [38 U.S.C. § 4324](#)(b)(1).

[4] The remand initial decision will incorporate the findings from this order and include a notice of appeal rights for all claims raised by the appellant.